UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN MICHAEL GONGLIEWSKI, **Plaintiff** v. SGT. WILDENSTEIN, *et al.* **Defendants.** | CIVIL ACTION NO. 3:24-CV-01935 (MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a complaint filed by Plaintiff Ryan Michael Gongliewski ("Gongliewski"), an inmate currently housed in the State Correctional Institution Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania. (Doc. 1). Also pending is a motion to proceed *in forma pauperis*. (Doc. 2.) The Court will grant the motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a).

**I. BACKGROUND AND PROCEDURAL HISTORY**

On November 12, 2024, the Court received and docketed Gongliewski's complaint naming the following eight defendants: (1) Sgt. Wildenstein ("Wildenstein"), Wyoming County Correctional Facility; (2) Corrections Officer Callahan ("Callahan"), Wyoming County Correctional Facility; (3) Corrections Officer Camaja ("Camaja"); (4) Corrections Officer Flynn, Wyoming County Correctional Facility; (5) W. Repsher ("Repsher"), Warden Wyoming County Correctional Facility; (6) H. Schmidt, Deputy Warden Wyoming County Correctional Facility; (7) Tom Henry ("Henry"), Wyoming County Commissioner; and (8) Jessica Hostaling, Head Nurse LPN Wyoming County Correctional Facility. (Doc. 1).

Accompanying the complaint is Gongliewski's motion to proceed *in forma pauperis* and certified prisoner trust fund account statement. (Doc. 2; Doc. 3).

The complaint raises First, Fourth, Sixth, Eighth, and Fourteenth Amendments as well as several claims of violating Department of Corrections ("DOC") policy and state laws. (Doc. 1). As his alleged facts, Gongliewski provides the following stream of thought paragraph:

> 5-16-24 → 6-24-24 – 7-27-24 → 8-21-24 grievances on officers violating $1^{st} - 6^{th} - 8^{th} - 4^{th} - 14^{th}$ USC all written by officers creating grievance retaliation 6-23-24-7 grievance about C.O. Camaja violating Prea. Sometime in June grievance of Wildenstein violating Prea. 7-29-24 C.O. Camaja wrote a false misconduct on me. Following misconduct which wasn't given that shift but alleged events my cell was moved Sgt. Wildenstein was well as C.O. Flynn threatened to spray me in the "cock" violating Prea and DL 001. 8-6-24 called Prea reported Camaja, Flynn, Wildenstein, Turner, Olive. 8-12-24 Camaja refused ball at yard to be sadistic. Yard cut short. Informed Wildenstein of call about prea. Entered block attempted to be shoved into stairs while cuffed behind back. In cell shoved into corner of bunk forcibly. Camaja and Callahan grabbed legs flipped me on ground. Held me down cuffed threated to beat my head into the concrete. Flynn called code red denied medical fell to floor shortly after to get medical reviewed misconduct days later filed grievance on matter transferred day before required to get it back.

(Doc. 1 at 6).

**II.   STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because

Huff is a prisoner suing governmental employees and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal

3

conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d

4

at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.   DISCUSSION**

A. CLAIMS AGAINST DEFENDANTS REPSHER, SCHMIDT, HENRY, AND HOSTALING

Gongliewski named Defendants Repsher, Schmidt, Henry, and Hostaling as defendants in this action. (Doc. 1). However, Gongliewski failed to assert facts that establish any personal involvement by these four defendants in any of the alleged violations. (Doc. 1).

Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was

5

committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct, and "cannot be predicated solely on the operation of *respondeat superior.*" *Evancho v. Fishser*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs.... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that the complaint must allege the particulars of conduct, time, place, and personal responsibility. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Subsequent knowledge of an incident is insufficient to demonstrate that a state actor played an "affirmative part" in the alleged misconduct. *See Rode*, 845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (Grievance Coordinator and Superintendent's involvement in review and denial of grievance insufficient to establish personal involvement). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d 1208.

Turning to Gongliewski's complaint, there are no factual allegations against Defendants Repsher, Schmidt, Henry, and Hostaling. Liberally construing the complaint, the

Court concludes that Gongliewski seeks to hold Defendants Repsher and Schmidt liable based solely on their supervisory position. As discussed above liability "cannot be predicated solely on the operation of *respondeat superior.*" *Evancho*, 423 F.3d 353. Therefore, all claims against Defendants Repsher, Schmidt, Henry, and Hostaling will be dismissed without prejudice.

    B.  First Amendment Claims

Gongliewski appears to bring First Amendment retaliation claims against all Defendants. (Doc. 1). However, only claims against Defendants Camaja, Wildenstein, and Flynn will proceed past screening.

It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts. *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 215). A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment. *Fantone*, 780 F.3d at 191.

Turning to the complaint, Gongliewski alleges that he filed grievances and Prisoner Rape Elimination Act ("PREA") complaints against Defendants Camaja, Wildenstein, and Flynn. (Doc. 1 at 6). He then alleges that Defendant Camaja filed a false misconduct, refused him a ball at yard, and cut yard short. (Doc. 1 at 6). He also alleges that Defendants Camaja and Callahan were involved in the alleged attack in his cell. (Doc. 1, at 6.) The Court construes these allegations as alleged retaliatory conduct. Next, Gongliewski alleges that

7

Defendant Wildenstein and Flynn threatened to spray Gongliewski and that Flynn refused his request for medical treatment. The Court likewise construes these statements as allegations of retaliation.

This Court has repeatedly refused to find a causal connection when the alleged perpetrator of the retaliatory activity was not the subject of the constitutionally protected activity. *See Calloway v. Bauman*, No. 2:20-cv-2337, 2022 WL 4357468, at *9 (M.D. Pa. Sep. 20, 2022) *citing Victor v. Lawler*, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3, 2010), *aff'd*, 565 F. App'x 126 (3d Cir. 2014); *also citing Evans v. Rozum*, 2009 WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("There is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others."); *also citing Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (affirming summary judgment in favor of defendant on plaintiff's claim that he was retaliated against by a defendant who was not the target of his protected activity).

Therefore, only claims against Defendants Camaja, Wildenstein, and Flynn can proceed because Gongliewski has only alleged that he filed grievances and PREA complaints against these three Defendants. Retaliation claims against all other Defendants will be dismissed without prejudice.

C. Fourth Amendment Claims

Gongliewski raises Fourth Amendment Claims in his complaint. (Doc. 1). However, the complaint fails to allege any Fourth Amendment violations.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. An inmate has some constitutional protection under the Fourth Amendment, but an inmate's rights are

limited by the need to maintain prison security. *Bell v. Wolfish,* 441 U.S. 441, 558–60 (1979). The Fourth Amendment's application to prison settings has been limited to issues regarding bodily integrity. *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016) ("We conclude that a right to privacy in one's own body, unlike a right to maintain private spaces for possessions, is not fundamentally inconsistent with imprisonment and is so fundamental that society would recognize it as reasonable even in the prison context.").

Even liberally construed, Gongliewski's complaint failed to allege any conduct on the part of Defendants that could be considered a violation of the Fourth Amendment in the prison context as construed by the Third Circuit. Therefore, the Fourth Amendment claim will be dismissed without prejudice.

D. SIXTH AMENDMENT CLAIMS

Gongliewski includes a Sixth Amendment violation in his complaint. (Doc. 1). However, the Sixth Amendment is not applicable to any of the facts alleged in the complaint.

The Sixth Amendment guarantees the rights of criminal defendants, including the right to counsel, the right to a public, speedy trial, the right to an impartial jury, and the right to face one's accusers. U.S. Const. Amend. VI. Nothing in this complaint alleges that Defendants interfered with Gongliewski's defense of the criminal case brought against him. (Doc. 1.) Therefore, any Sixth Amendment claims will be dismissed without prejudice.

E. EIGHTH AMENDMENT CLAIMS

Gongliewski included Eighth Amendment claims in his complaint. (Doc. 1). However, Gongliewski only names three individuals in his factual allegations that could rise to the level of an Eighth Amendment claim.

A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id*. at 833(citations omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834.

The Supreme Court has found that an Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." *Id*. Furthermore, in cases involving prison safety or prison conditions, the relevant state of mind "is one of 'deliberate indifference' to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 130 (3d Cir. 2001). This deliberate indifference standard "is a subjective standard under *Farmer*-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* Thus, "[d]eliberate indifference can be shown when a prison official *knows of and disregards* an excessive risk to inmate health or safety." *Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997) (emphasis added).

Turning to Gongliewski's complaint, there are only three Defendants named in the facts surrounding the attack in Gongliewski's cell are Defendants Camaja, Callahan, and Flynn. (Doc. 1, at 6). Therefore, the Eighth Amendment claims against all other remaining Defendants are dismissed without prejudice.

F. FOURTEENTH AMENDMENT CLAIMS

Gongliewski's complaint also raises a Fourteenth Amendment complaint. (Doc. 1). However, Plaintiff fails to allege any due process violations in the course of the false misconduct.

The Fourteenth Amendment also provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. XIV. A Fourteenth Amendment due process claim requires that a liberty interest be at stake:

> Procedural due process rights are [only] triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) whether the conditions of confinement were significantly more restrictive than those imposed upon other inmates in solitary confinement. *See id*. at 468, 115 S.Ct. 2293; *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

*Huertas v. Sec'y of Pa. Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013). Gongliewski failed to allege any depravation of a liberty interest in his complaint. Therefore, all Fourteenth Amendment claims will be dismissed.

G. DOC POLICY CLAIMS

Gongliewski's complaint includes claims that Defendants violated DOC policy. (Doc. 1, at 7). However, DOC policy does not have the force of law and does not rise to the level of a regulation. *Atwell v. Lavan*, 557 F.Supp.2d 532, 556, n. 24 (M.D. Pa. Mar. 26, 2008) *citing Mercy Catholic Medical Center v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004). Therefore, this Court lacks jurisdiction to consider such claims. These claims will be dismissed with prejudice.

H. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 108; *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Ruffin v. Mooney*, No. 3:16-CV-1987, 2017 WL 3390361, at *2 (M.D. Pa. Jan. 31, 2017) (dismissing prisoner-plaintiff's case without prejudice where it was unclear whether he was seeking relief under § 1983 or a habeas statute).

The Court will grant Gongliewski an opportunity to amend his complaint and cure the defects identified above. Any amended complaint must be titled amended complaint and filed timely under the above captioned case number. It must raise all claims intended to be brought before the Court, including those that have survived this screening.

IV. CONCLUSION

The Court will grant the pending motion to proceed *in forma pauperis*, deem the complaint filed, and dismiss Gongliewski's claims against Defendants Repsher, Schmidt, Henry, and Hostaling, his First Amendment retaliation claims against all Defendant Callahan, all Fourth Amendment claims, all Sixth Amendment claims, and his Eighth Amendment claims against Wildenstein, all Fourteenth Amendment claims, and all DOC Policy claims. An appropriate order follows.

Dated: December 9, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**